## ROBERT GARLAND et al. *v.* THOMAS M. JACKSON et al.

Where, in conformity to an act of the Legislature, the trustees of a sixteenth section granted by Congress for public schools, have leased the same for fifty years, the contract is valid. There is nothing unconstitutional, or contrary to the laws of the United States, in such a contract.

APPEAL from the District Court of Madison, *Copley,* J. *Alonzo Snyder* and *J. Bemiss,* for plaintiffs. *Stacey* and *Sparrow,* for defendants. The judgment of the court was pronounced by

PRESTON, J. By the Constitution of the United States, power is given to Congress, to make all needful rules and regulations respecting the territory or other property of the United States. This has been always construed, as giving Congress power to sell the public lands, or otherwise dispose of them for public purposes.

Shortly after the cession of Louisiana to the United States, by the eleventh section of an act of Congress, approved the 21st of April, 1806, the President of the United States was authorized to offer for sale, such of the public lands lying in the Western District of the Territory of Orleans, as were surveyed, with the exception of section sixteen, which, in the language of the act, "shall be reserved, in each township, for the support of schools within the same,"

The sixteenth section of every township of the public lands of the United States, have, from the adoption of the Constitution, been reserved from public sales, for the maintenance of public schools in the township; and this reservation has always been considered a grant to the State in which it lies, on the admission of the State into the Union. It must amount to a grant; because Congress have no power, under the Constitution, to administer property for the purposes of education, within the limits of a sovereign State; and, in selling public lands, Congress, having reserved a portion for the support of schools within the township, as an inducement to purchasers to bid and buy, could never, in good faith, revoke the reservation.

The reservation must, therefore, necessarily be administered under the authority of the State. Still, as there might be doubt as to the title, in case the State should sell the lands reserved for the purposes of education, because the term reserved, instead of granted, was used, Congress, in 1843, passed an act, authorizing the States of Illinois, Arkansas, Louisiana and Tennessee, to sell lands which had before been appropriated to schools. It is unnecessary to

inquire into the constitutionality of a clause in the law, authorizing those States to lease the lands, for a term not exceeding four years; for, however wise the provision, it does not purport to affect anything done by the States, in the previous administration of those lands. On the contrary, a clause in the law sanctioned all sales made by those States, and, by a reasonable inference, all leases previously made.

In 1835, our Legislature directed the citizens of township 17, range 13 east, then in the parish of Carroll, but now in Madison, to elect three trustees, with power to administer all the school property and funds in that township, and, especially, to lease the school lands for an annual rent. Being, probably, unable to lease them for an annual rent, at the next session of the Legislature, in 1836, their trustees were authorized to lease them, for a term of years not exceeding fifty years, payable in five annual installments. In pursuance of these acts, in May, 1836, the trustees leased to *Honoré P. Moraney*, 320 acres of those lands, for the term of fifty years, for twelve hundred and sixty-eight dollars, payable on the terms prescribed.

The land is now in the possession of the defendants under that lease, and the plaintiffs, the present trustees, bring suit to recover it, and, in effect, to annul the lease. They cannot do it. The State of Mississippi leased their school lands, acquired in the same manner, for a term of ninety-nine years, and the Supreme Court of that State held the leases to be valid. The laws under which the defendants hold the lease, however unwise, expressly gave power to the trustees to lease the land for that term. They conflicted with no act of Congress, or the Constitution of the United States. The lessees acquired a vested right in the lease, by bidding for it at public auction, on the terms prescribed by the Legislature, and paying the price; and it would be a violation of our Constitution to deprive them of it.

The judgment of the district court is reversed; and it is decreed, that there be judgment for the defendants, with costs in both courts.